PEOPLE ex rel. BANK FOR SAVINGS IN CITY OF NEW YORK v. MILLER, State Comptroller, et al.

(Supreme Court, Appellate Division, Third Department. May 12, 1903.)

1. TAXES—READJUSTMENT OF ACCOUNT—INCREASE OF TAX—POWER OF COMP-TROLLER.

Under Tax Law, § 195, Laws 1896, p. 864, c. 908, as amended, permitting an application to the Comptroller for a revision and readjustment of the account of taxes, and permitting the application for revision to be made by the Attorney General as well as by the party against whom the account had been stated, the Comptroller has no power upon a revision to increase the tax.

Certiorari by the people against Nathan L. Miller, as Comptroller of the state of New York and another to review the action of respondent in denying the application of the Attorney General for a revision and readjustment of the account for annual tax on respondent the Bank for Savings in the City of New York. Affirmed.

Hearing on a return to a writ of certiorari issued June 28, 1902, to review the determination of the Comptroller of the state denying the application of the Attorney General for a revision and readjustment of the account for annual tax on the par value of the surplus and undivided earnings of the Bank for Savings in the City of New York for the year ending June 30, 1901. The Comptroller had audited and stated the account for taxes for that year, which imposed a tax of $46,102.53, or 1 per centum upon $4,610,252.92. In ascertaining the amount upon which the tax was to be computed, the Comptroller credited the bank with an item of $1,198,687.95, being the interest or dividends on deposits to and including July 1, 1901, which became due and payable on that day, and which remained in the custody and possession of the bank on June 30, 1901. The Attorney General made an application to the Comptroller for a revision and readjustment of such account for taxes, claiming that said

sum of $1,198,687.95 was properly taxable, and that there should be added to the tax on account thereof the sum of $11,986.88. The Comptroller granted a hearing upon such application and the Attorney General presented his evidence in support thereof. Thereafter the Comptroller made a determination whereby he denied the application on the ground that he had no authority to increase the assessment theretofore made. The purpose of this writ is to review the determination so made. The Bank for Savings in the City of New York has been made a party defendant.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

John Cunneen, Atty. Gen., and William H. Wood, Dep. Atty. Gen., for the People.

Strong & Cadwalader, George W. Wickersham, and Edward E. Sprague, for Bank for Savings.

CHESTER, J. The power of the Comptroller to revise and readjust the account for the purpose of taxation is found in section 195 of the tax law (Laws 1896, p. 864, c. 908). In the revision this section was taken, with some amendments, from section 19, Laws 1889, p. 634, c. 463. The principal changes made by the amendments were, first, to limit the time during which an application could be made to the Comptroller for a revision to one year from the audit of the account, and, second, to permit the application for revision to be made by the Attorney General as well as by the party against whom the account had been stated. The other changes were simply in phraseology, and leave the section without substantial alteration except in the two respects stated. This court has held, under the section as it stood prior to the amendments, that the Comptroller had no power upon a revision to increase the tax. The People ex rel. Syracuse Improvement Co. v. Morgan, 59 App. Div. 302, 69 N. Y. Supp. 263; The People ex rel. Smith, Etc., v. Roberts, 51 App. Div. 152, 64 N. Y. Supp. 627. None of the changes made in the statute are effective, in my opinion, to change the authority of these decisions as to the want of power in the Comptroller under the section to increase the tax upon a revision by him. Manifestly, the two principal changes above mentioned have no relation to the question of the power of the Comptroller. The power, on a revision of the tax, is stated in identical language in the old and in the new section, and is that he "shall resettle the same according to the law and the facts, and charge or credit, as the case may require, the difference, if any, resulting from such revision," etc., upon the accounts of such corporation. It was urged in the cases cited that the phrase, he shall "charge or credit as the case may require," gave the right to the Comptroller to increase the tax, but the court decided against that view. There being no change in the statute in this respect, those cases are decisive of the question here presented.

The determination of the comptroller should be affirmed, with $50 costs and disbursements to the respondent bank. All concur.